```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**CHARLES S. LONG AND**                                   **CIVIL ACTION**
**MARY W. LONG**

**VERSUS**                                                **NO. 07-3217**

**STATE FARM MUTUAL AUTOMOBILE**                          **SECTION: "B"(1)**
**INSURANCE COMPANY**


                         ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 6). After a review of the pleadings, exhibits, and applicable law, and for the reasons that follow,

**IT IS ORDERED**[1] that the Motion to Remand be **GRANTED** and further that Plaintiffs' request for fees and costs be **DENIED**.

                              BACKGROUND

Plaintiffs filed a state court action against David Barras, Jr. his insurer, Progressive Casualty Insurance Company, on August 11, 2006, for damages arising from an automobile accident. Plaintiffs subsequently added State Farm Mutual as a Defendant due to an underinsured/uninsured motorist claim. In answer to that action, Barras and Progressive notified Plaintiffs that the correct name of Barras' insurer was Progressive Security Insurance Company. (Rec. Doc. 12). On February 16, 2007 Plaintiffs settled

---

[1] We are grateful for the work on this case by Matthew McLaren, a Loyola Law School extern with our Chambers.

with Barras and Progressive Security Insurance Company. (Rec. Doc. 6). Plaintiffs' maintained their claim against State Farm Mutual. On February 16, 2007 Plaintiffs faxed notice of their settlement with Barras and Progressive on a form receipt release and hold harmless agreement to State Farm's Counsel Matthew Pryor (Rec. Doc. 6). Subsequently, Mr. Pryor withdrew from the case and present counsel enrolled to represent State Farm. The state court claims against Barras and Progressive were formally dismissed with prejudice on May 15, 2007. Present Counsel for State Farm, removed the state action to federal court pursuant to 28 U.S.C. § 1446 on June 12, 2007 citing diversity jurisdiction, and claiming removal occurred within the appropriate 30 day time period.

## LAW AND ANALYSIS

Under 28 U.S.C. § 1446 notice is required for the 30 day prescriptive period to begin to run. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable…" 28 U.S.C. § 1446(b) (Emphasis added). In *Bosky v. Kroger Texas, L.P.*, the Fifth Circuit held that information supporting a removal must be "unequivocally clear and certain." *Bosky,* 288 F.3d 208, 212 (5th Cir. 2002). So long as the factual basis can be proven by a preponderance of

evidence through a simple and short statement of facts a bright line rule should be applied which creates a fair environment for both plaintiffs and defendants. *Id* at 212.  See also *Addo v. Globe Life and Acc. Ins. Co.* which held that "receipt of any paper from which it may first be ascertained that the case is one which is or has become removable triggers the thirty day period. *Addo,* 230 F.3d 759, 761 (5th Cir. 2000). Defendant received notice that diversity existed when they received the fax transmission on February 16, 2007. While it is correct that in the initial complaint Plaintiffs incorrectly named Progressive; Progressive remedied that issue in their answer. (Rec. Doc. 12).  After State Farm was added as a Defendant there was only one Progressive named in the case. Therefore, State Farm was aware that the Progressive named in the fax transmission was the same one named in the pleadings.

    28 U.S.C. § 1447(c) provides that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See also *Valdez v. Wal-Mart Stores, Inc.,* which held that such awards are within the discretion of the court. *Valdez,*199 F.3d 290, 292 (5th Cir. 2000).  An overarching goal of the judiciary is to have as just and efficient proceedings as possible. Unnecessary motions and oppositions only hamper that goal.  However weak the position

of defendant might be relative to what constitutes "other paper" to trigger the 30 day removal period, we cannot say there was an objectively unreasonable basis for this removal.

Based on the foregoing reasons, the Court **GRANTS** plaintiffs' Motion to Remand, and **DENIES** the motion for attorney's fees.

New Orleans, Louisiana, this 6th day of February, 2008.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE